**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| In Re: | ) | |
| | ) | |
| ROGER HARVEY BLACK, | ) | Bankruptcy Case No.: 25-00260-ELG |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**WELCH FAMILY LIMITED PARTNERSHIP FIVE, WELCH FAMILY LIMITED PARTNERSHIP SIXTEEN, AND WELCH FAMILY LIMITED PARTNERSHIP SEVENTEEN'S MOTION TO CONTINUE TRIAL ON SANCTIONS AND DAMAGES PENDING RESOLUTION OF MOTION TO STAY PENDING APPEAL AND APPEAL**

COMES NOW Welch Family Limited Partnership Five, Welch Family Limited Partnership Sixteen, and Welch Family Limited Partnership Seventeen, by and through undersigned counsel, move to continue the trial currently scheduled for August of 2026 on Roger Harvey Black's request for sanctions, damages, fees, costs, and related relief under 11 U.S.C. § 303(i), 11 U.S.C. § 362(k), and any other asserted basis. In support thereof, Welch states as follows:

**INTRODUCTION**

This motion seeks a continuance of the sanctions and damages trial currently scheduled for August of 2026 because Welch has filed an appeal from the Court's dismissal and reconsideration orders and has separately moved to stay or bifurcate proceedings under 11 U.S.C. § 303(i) and § 362(k) pending appeal.

The sanctions and damages trial should not proceed while Welch's stay-pending-appeal motion remains unresolved. Nor should it proceed while the appeal itself is pending, because the

Jeffery T. Martin, Jr., Bar No. VA71860
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
(703) 834-5550
Jeff@martinlawgroup.com

appeal raises threshold issues that bear directly on whether Black may pursue relief under § 303(i), the scope of any such relief, and whether any predicate for bad-faith damages remains. A continuance is warranted for the same core reasons set forth in Welch's motion to stay pending appeal: the pending appeal may eliminate, narrow, or materially alter the basis for § 303(i) and § 362(k) proceedings; immediate trial would risk duplicative litigation and inconsistent rulings; and Welch would be forced to litigate bad faith, causation, damages, fees, and alleged stay-related issues while simultaneously pursuing appellate review of the orders that form the foundation for Black's sanctions request.

The request is narrow. Welch does not seek through this motion to relitigate the dismissal order, reconsideration order, or merits of Black's sanctions request. Welch asks only that the Court continue the August trial until after the Court resolves Welch's motion to stay pending appeal and, if appropriate, until after the appeal is resolved.

## BACKGROUND

1.  On July 7, 2025, Welch filed an involuntary petition against Roger Harvey Black.

2.  Black opposed the involuntary petition and asserted, among other things, that the petition was not filed by the required number of eligible creditors, that Welch Family Limited Partnership Five's claim was subject to a bona fide dispute, that Welch Family Limited Partnership Sixteen's and Welch Family Limited Partnership Seventeen's claims were subject to bona fide dispute, and that the involuntary petition was filed for an improper purpose.

3.  Black also sought damages, fees, costs, and related relief under 11 U.S.C. § 303(i), 11 U.S.C. § 362(k), and any other asserted basis.

4. The Court dismissed the involuntary petition and retained jurisdiction to consider Black's request for sanctions, damages, fees, costs, and related relief.

5. Welch sought reconsideration of the dismissal and related findings.

6. On May 1, 2026, the Court entered its order denying reconsideration.

7. Welch has filed a notice of appeal from the dismissal and reconsideration orders.

8. Welch has also filed a Motion to Stay or Bifurcate Proceedings Under 11 U.S.C. § 303(i) and § 362(k) Pending Appeal.

9. That stay motion asks the Court to stay all proceedings under § 303(i) and § 362(k) pending final resolution of the appeal, or alternatively to bifurcate and defer bad-faith, actual damages, punitive damages, causation, and alleged stay-related damages proceedings until after appellate review.

10. The Court has scheduled trial on Black's sanctions and damages request for August of 2026.

11. Unless the August trial is continued, Welch may be required to prepare for and try the various § 303(i) and § 362(k) issues that Welch has moved to stay pending appeal.

12. Continuing the trial is necessary to preserve the practical value of the stay motion and avoid forcing the parties and the Court into premature trial preparation before the stay issue is decided.

**ARGUMENT**

I. <u>The Trial Should Be Continued Because Welch's Motion to Stay Pending Appeal Directly Seeks a Stay of the Same Proceedings Set for Trial.</u>

Welch has moved to stay or bifurcate all proceedings under § 303(i) and § 362(k) pending appeal. The currently scheduled August trial concerns those same issues. Proceeding with that

trial before the Court resolves the stay motion would undercut the purpose of the stay motion and force Welch to prepare for a trial that may be stayed, narrowed, or deferred.

The Court should continue the August trial at least until after it resolves Welch's motion to stay pending appeal. If the stay motion is granted, the trial should be vacated or continued until after final resolution of the appeal. If the stay motion is denied in whole or in part, the Court can then reset a practical schedule for any remaining § 303(i) or § 362(k) proceedings. This approach conserves judicial resources and avoids unnecessary litigation expense.

II. <u>The Pending Appeal Raises Threshold Issues That Bear Directly on Black's Sanctions and Damages Request.</u>

The appeal is not collateral to Black's sanctions request. The appeal concerns threshold issues that directly affect the basis and scope of any proceeding under § 303(i), including:

a. whether the involuntary petition was properly dismissed;

b. whether the Court correctly determined petitioning-creditor eligibility;

c. whether Welch Family Limited Partnership Five's claim was subject to an objectively bona fide dispute;

d. whether Welch Family Limited Partnership Sixteen and Welch Family Limited Partnership Seventeen should have been treated as one creditor or one claim;

e. whether post-dismissal or reconsideration-period collection activity affected petitioning-creditor eligibility; and

f. whether the legal predicate for § 303(i) relief remains intact.

If Welch prevails on appeal, Black's request for relief under § 303(i) may be eliminated, narrowed, or materially altered. Proceeding with trial before appellate review is complete would therefore risk litigating issues that may become unnecessary.

III. <u>A Continuance Avoids Duplicative Litigation, Inconsistent Findings, and Unnecessary Expense.</u>

The August trial would likely require evidence and argument concerning creditor eligibility, bona fide dispute, Welch's prefiling investigation, Welch's purpose in filing the involuntary petition, alleged bad faith, alleged actual damages, punitive damages, causation, attorneys' fees, costs, and alleged stay-related injury.

Those issues overlap with the appeal and with related Woodcrest litigation involving the same debt relationship, the same Woodcrest project, the same Black-controlled entities, the same 2018 Note, the same 2023 Note, the same Deed of Trust, and the same alleged disputes concerning validity, enforceability, consideration, and damages.

Trying sanctions and damages now would create the risk that the Court makes factual or legal findings while appellate review of the predicate orders is pending. That is inefficient and avoidable.

IV. <u>Black Will Not Be Materially Prejudiced by a Continuance.</u>

A continuance will not prejudice Black. The involuntary petition has already been dismissed. This motion does not seek to revive the involuntary case or impose any new restraint on Black. If Black has any viable rights under § 303(i) or § 362(k), those rights can be preserved pending appeal. To the extent Black contends that evidence must be preserved, Welch does not oppose reasonable preservation obligations applicable to all parties.

By contrast, Welch would be prejudiced if forced to try sanctions and damages before the Court resolves the motion to stay pending appeal and before the appeal addresses the predicate dismissal and reconsideration rulings.

V.     <u>Alternatively, the Court Should Continue the Trial and Set a Status Conference After Resolution of the Stay Motion.</u>

If the Court is not inclined to continue the trial through final resolution of the appeal at this time, Welch requests that the Court continue the August trial and set a status conference after ruling on Welch's motion to stay pending appeal.

That procedure would allow the Court to determine whether any § 303(i) or § 362(k) issues remain active, whether bifurcation is appropriate, whether discovery should proceed, and whether any trial date should be reset.

### REQUESTED RELIEF

WHEREFORE, Welch Family Limited Partnership Five, Welch Family Limited Partnership Sixteen, and Welch Family Limited Partnership Seventeen respectfully request that the Court enter an order:

A. Continuing the trial currently scheduled for August of 2026 on Black's request for sanctions, damages, fees, costs, and related relief under 11 U.S.C. § 303(i), 11 U.S.C. § 362(k), and any other asserted basis;

B. Continuing the trial until after the Court resolves Welch's Motion to Stay or Bifurcate Proceedings Under 11 U.S.C. § 303(i) and § 362(k) Pending Appeal;

C. If the stay motion is granted, vacating or continuing the trial pending final resolution of Welch's appeal;

D. Alternatively, setting a status conference after resolution of the stay motion to determine what, if any, § 303(i) or § 362(k) proceedings should proceed before appellate resolution;

E. Preserving all rights, claims, defenses, objections, and appellate rights of all parties;

F.  Requiring reasonable preservation of documents and information relevant to any later §

303(i) or § 362(k) proceedings; and

G.  Granting such other and further relief as the Court deems just and proper.


Dated: June 25, 2026,                              Respectfully submitted,

**Welch Family Limited Partnership Five, Welch Family Limited Partnership Sixteen, Welch Family Limited Partnership Seventeen,**

**By counsel**

/s/ Jeffery T. Martin, Jr.
Jeffery T. Martin, Jr., Bar No. VA 71860
Stuart Cerutti Bar No. VA 99290
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
703-834-5550 Office
jeff@martinlawgroup.com
stuart@martinlawgroup.com
*Counsel to Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 25th day of June, 2026, a true and correct copy of the foregoing was filed electronically with the Court through the CM/ECF system, with notice being automatically provided to all parties requesting notice.

  /s/ Jeffery T. Martin, Jr.    
Jeffery T. Martin, Jr.
