**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| In Re: | ) | |
| | ) | |
| ROGER HARVEY BLACK, | ) | Bankruptcy Case No.: 25-00260-ELG |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | |

**WELCH FAMILY LIMITED PARTNERSHIP FIVE, WELCH FAMILY LIMITED PARTNERSHIP SIXTEEN, AND WELCH FAMILY LIMITED PARTNERSHIP SEVENTEEN'S MOTION TO STAY OR BIFURCATE PROCEEDINGS UNDER 11 U.S.C. § 303(i) AND § 362(k) PENDING APPEAL**

Welch Family Limited Partnership Five, Welch Family Limited Partnership Sixteen, and Welch Family Limited Partnership Seventeen, (collectively referred to as "Welch"), by counsel, move for entry of an order staying, or alternatively bifurcating and limiting, further proceedings under 11 U.S.C. § 303(i) and § 362(k) pending resolution of Welch's appeal from the dismissal and reconsideration orders. This motion is filed pursuant to Fed. R. Bankr. P. 8007, Fed. R. Bankr. P. 9014, and the Court's inherent authority to manage proceedings before it.

**INTRODUCTION**

1. Welch has filed a notice of appeal from the Court's orders dismissing the involuntary petition and denying reconsideration.

2. The appeal raises threshold issues that bear directly on any request for relief under 11 U.S.C. § 303(i), including whether the involuntary petition was properly dismissed, whether the Court correctly determined petitioning-creditor eligibility, whether Welch Family Limited Partnership Five's claim was subject to an objectively bona fide dispute,

Jeffery T. Martin, Jr., Bar No. VA 71860
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
703-834-5550 Office
jeff@martinlawgroupva.com
*Counsel for Welch*

whether Welch Family Limited Partnership Sixteen and Welch Family Limited Partnership Seventeen should have been treated as one creditor or one claim, and whether post-dismissal or reconsideration-period collection activity rendered petitioning creditors ineligible.

3. Those issues are not collateral to § 303(i). They are foundational. If Welch prevails on appeal, the basis for § 303(i) relief may be eliminated or substantially altered.

4. Proceeding immediately with § 303(i) bad-faith and damages litigation while the dismissal order is on appeal risks duplicative litigation, inconsistent rulings, unnecessary expense, and avoidable expansion of the record on issues that may be mooted or narrowed by appellate review.

5. Welch therefore requests a stay of all proceedings under § 303(i) and § 362(k) pending appeal.

6. Alternatively, if the Court declines a complete stay, Welch requests bifurcation and sequencing: first, resolution only of legal entitlement issues that do not require extensive damages discovery; second, deferral of bad-faith, actual damages, punitive damages, and causation proceedings until after appeal.

## BACKGROUND

7. The Court dismissed the involuntary petition filed against Roger Harvey Black.

8. Welch sought reconsideration of the dismissal and related findings. The Court denied reconsideration by order entered May 1, 2026.

9. The Court retained jurisdiction to consider issues asserted under 11 U.S.C. § 303(i) and § 362(k).

10. Welch respectfully disagrees with the dismissal and reconsideration rulings and seeks appellate review.

11. Welch maintains that the involuntary petition was filed based on real debts, a reasonable investigation, colorable statutory arguments, and a good-faith belief that the statutory requirements of 11 U.S.C. § 303 were satisfied.

12. Welch further maintains that an adverse eligibility ruling, including an adverse ruling on Welch's bona-fide-dispute issue, does not establish that the involuntary petition was filed in bad faith.

**ARGUMENT**

**I.    A Stay Pending Appeal is Warranted Because the Appeal Presents Serious Legal Questions that Directly Affect § 303(i) Proceedings.**

13. Under Fed. R. Bankr. P. 8007, a party ordinarily seeks a stay pending appeal first from the bankruptcy court.

14. The appeal will address threshold legal issues, including petitioning-creditor eligibility, statutory interpretation under § 303(b), and whether Welch Five's claim was subject to an objectively bona fide dispute.

15. These issues directly affect whether Black can recover under § 303(i), the scope of any recoverable fees and costs, and whether bad-faith damages may be pursued.

16. A stay is appropriate because immediate litigation of § 303(i) issues could become unnecessary or materially altered depending on the appeal.

17. The appeal also concerns nonfrivolous legal questions. Welch does not seek appeal for delay or harassment. Welch seeks review of adverse rulings that Welch respectfully contends are legally incorrect.

3

18. The existence of serious appellate questions weighs in favor of staying collateral damages proceedings until the appellate court resolves the underlying dismissal issues.

**II.     Welch's Creditor-Status and Bona-Fide-Dispute Issues Weigh Strongly in Favor of a Stay or Bifurcation.**

19. Welch's appeal will challenge the Court's determination that Welch Five was not an eligible petitioning creditor because its claim was subject to a bona fide dispute.

20. Welch contends that the alleged dispute concerning Welch Five's claim was not objectively bona fide, was unsupported by the record, and could not properly disqualify Welch Five under § 303(b).

21. That issue bears directly on § 303(i). If the appellate court determines that Welch Five was an eligible petitioning creditor, the analysis of dismissal, creditor numerosity, petitioning-creditor eligibility, and bad-faith exposure may materially change.

22. Immediate § 303(i) litigation would therefore risk litigating bad faith and damages before appellate review of a predicate eligibility ruling that Welch contends was erroneous.

23. Welch further requests that, if § 303(i) proceedings are not stayed, the Court prohibit Black from treating the bona-fide-dispute eligibility ruling as conclusive proof of bad faith. The statutory eligibility question under § 303(b) and the bad-faith damages question under § 303(i)(2) are distinct inquiries.

**III.    Welch Will Be Irreparably Harmed Absent a Stay Because Immediate § 303(i) Litigation Will Force Duplicative, Expensive, and Potentially Unnecessary Proceedings.**

24. Without a stay, Welch will be required to litigate fees, costs, bad faith, actual damages, punitive damages, causation, and related discovery while simultaneously pursuing appellate review of the predicate dismissal order.

25. That burden is not merely ordinary litigation expense. The § 303(i) proceedings would likely require discovery and evidentiary presentation concerning counsel's prefiling investigation, creditor eligibility, debtor payment history, collection activity, alleged damages, causation, and litigation purpose.

26. Those issues overlap substantially with the matters to be raised on appeal.

27. If the appeal results in reversal or modification, substantial portions of the § 303(i) proceedings may be rendered unnecessary.

28. A stay therefore promotes judicial economy and protects against unnecessary expense.

**IV.    Black Will Not be Materially Prejudiced by a Stay.**

29. A stay will not deprive Black of any asserted rights. It will merely defer litigation of those issues until the appeal clarifies the predicate dismissal questions.

30. Black's rights under § 303(i), if any, can be preserved pending appeal.

31. To the extent Black asserts that delay could prejudice his ability to prove damages, the Court may require preservation of documents and information. Welch does not oppose reasonable preservation obligations.

32. Welch also does not oppose reasonable scheduling after appeal if the dismissal order is affirmed.

**V.    A Stay Serves Judicial Economy and Avoids Inconsistent Rulings.**

33. The appeal may determine whether dismissal was proper, whether the petitioning creditors were eligible, whether Welch Five was an eligible creditor, and whether the legal foundation for § 303(i) relief remains intact.

34. Immediate § 303(i) litigation could require the Court to make findings on bad faith and damages while the predicate dismissal rulings are being reviewed.

35. That creates a risk of inconsistent rulings and inefficient use of judicial resources.

36. A stay avoids that problem.

**VI.    Alternatively, The Court Should Bifurcate § 303(i) Proceedings And Defer Bad-Faith And Damages Discovery.**

37. If the Court declines to stay all § 303(i) and § 362(k) proceedings, Welch requests bifurcation.

38. The Court should first determine whether, as a matter of law, any issues can proceed notwithstanding the pending appeal.

39. The Court should defer discovery and litigation concerning bad faith, actual damages, punitive damages, causation, and alleged stay-related damages until after the appeal.

40. Bifurcation would reduce burden, avoid unnecessary discovery, and preserve the parties' positions.

41. At minimum, the Court should prohibit Black from using Welch's appeal, reconsideration motion, clarification motion, or stay motion as evidence of bad faith. Those filings are ordinary procedural acts designed to preserve legal rights.

## REQUESTED RELIEF

WHEREFORE, Welch Family Limited Partnership Five, Welch Family Limited Partnership Sixteen, and Welch Family Limited Partnership Seventeen respectfully request that the Court enter an order:

A. Staying all proceedings under 11 U.S.C. § 303(i) and § 362(k) pending final resolution of Welch's appeal from the dismissal and reconsideration orders;

B. Preserving the parties' rights and arguments during the stay;

C. Requiring reasonable preservation of documents and information relevant to any later § 303(i) or § 362(k) proceedings;

6

D. Alternatively, bifurcating proceedings and deferring all discovery and litigation concerning bad faith, actual damages, punitive damages, causation, and alleged stay-related damages until after appellate review;

E. Clarifying that the Court's bona-fide-dispute eligibility ruling concerning Welch Five shall not be treated as conclusive proof of bad faith under § 303(i)(2);

F. Clarifying that Welch's pursuit of reconsideration, clarification, appeal, and stay relief shall not itself be treated as evidence of bad faith; and

G. Granting such other and further relief as the Court deems just and proper.

Dated: June 25, 2026,                              Respectfully submitted,

**Welch Family Limited Partnership Five, Welch Family Limited Partnership Sixteen, Welch Family Limited Partnership Seventeen,**

**By counsel**

/s/ Jeffery T. Martin, Jr.
Jeffery T. Martin, Jr., Bar No. VA 71860
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
703-834-5550 Office
jeff@martinlawgroup.com
*Counsel for Welch*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of June 2026, a true copy of the foregoing pleading was filed electronically with the Court through the ECF filing system with notice being automatically provided to all parties requesting notice.

/s/ Jeffery T. Martin, Jr.
Jeffery T. Martin, Jr.