The order below is hereby signed.

Signed: July 14 2026



*Elizabeth L. Gunn*
*U.S. Bankruptcy Judge*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | **Case No. 25-00260-ELG** |
| **Roger Harvey Black,**<br>**Alleged Debtor.** | **Chapter 7** |

### ORDER DENYING MOTIONS AND IMPOSING SANCTIONS

Before the Court is the *Emergency Motion to Extend Deadline to Comply with July 6, 2026 Order and Request for Expedited Consideration* (the "Motion") (ECF No. 167) filed by Welch Family Limited Partnership Five ("Welch 5"), Welch Family Limited Partnership Sixteen ("Welch 16"), and Welch Family Limited Partnership Seventeen ("Welch 17," collectively with Welch 5 and Welch 16, the "Petitioning Creditors") along with the accompanying *Motion to Shorten Time and Request for Expedited Consideration* (the "Motion to Shorten") (ECF No. 167-1). The Motion requests that the Court modify deadlines previously established by the *Order* (the "Discovery Order") (ECF No. 162) based on an inability of the Petitioning Creditors to provide the required materials by the deadlines imposed therein. The Discovery Order required the Petitioning Creditors to provide all outstanding materials, including responses to interrogatories and requests for production, to Roger Harvey Black (the "Alleged Debtor") by no later than Friday, July 10, 2026 at 5:00 p.m. (the "Discovery Order Deadline"). On July 10, 2026 at 5:49 p.m. the Petitioning Creditors filed the Motion. Soon thereafter, the Alleged Debtor filed a *Line Regarding Failure to Comply with Order Entered July 6, 2026* (ECF No. 168) indicating that the Petitioning Creditors

1

had not provided any additional documentation after entry of the Discovery Order.

As indicated in the *Motion for Entry of Order (1A) Imposing Sanctions for Discovery Violations, or, in the Alternative, (1B) Compelling Answers to Interrogatories and Production of Documents, and (2) Granting Monetary Sanctions* (ECF No. 107) filed on March 19, 2026, the original (consensually extended) deadline to produce the discovery issued by the Alleged Debtor was March 17, 2026. Despite the passage of 115 days between the original deadline and the Discovery Order Deadline, the Petitioning Creditors still failed to meet the Court-imposed deadline for responses. The Discovery Order made clear that failure to comply would result in appropriate sanctions. Neither the Motion nor the Motion to Shorten provide any valid justification for a further extension of time or for the blatant and ongoing failure of the Petitioning Creditors to comply with their discovery obligations, and both shall be denied.

The failure of the Petitioning Creditors to respond, even partially, upon entry of an order of this Court leaves the Court with no choice but to find that there is no amount of financial or other legal coercion that will result in compliance with their discovery obligations in this case. Therefore, the Court finds it is appropriate to issue sanctions under Bankruptcy Rule 7037(b) for failure to comply with the Discovery Order.[1] Specifically, with respect to the documents requested and not produced, the Petitioning Creditors shall be prohibited from introducing, relying upon, or otherwise referencing any document not produced by July 10, 2026 in support of or in opposition any claim or defense, including for the purpose of rebuttal. *See* Fed. R. Bankr. P. 7037(b)(2)(A)(ii). Further, as the Petitioning Creditors have failed to answer interrogatories regarding their financial condition, the Court shall direct that the ability of *each* of the Petitioning Creditors (Welch 5, Welch 16, and Welch 17) and Kenneth Welch individually to pay a sanction of no less than

---

[1] Unless specifically indicated otherwise, all section references are to Title 11 of the United States Code (the "Bankruptcy Code"). The Federal Rules of Bankruptcy Procedure shall be referred to as the "Bankruptcy Rules."

$400,000 (collectively $1,600,000) will be taken as established for the purposes of the hearing on the *Motion for Fees and Damages Pursuant to 11 U.S.C. § 303(i)* (the "Motion for Damages") (ECF No. 65). *See* Fed. R. Bankr. P. 7037(b)(2)(A)(i). Finally, the Alleged Debtor shall be entitled to reasonable expenses related to the *Request for Emergency Supplemental Hearing on Discovery Motions* (the "Discovery Hearing Request") (ECF No. 139) and all matters related to thereafter, up to and including, through entry of this Order. *See* Fed. R. Bankr. P. 7037(b)(2)(C).

Therefore, for the reasons stated herein, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1.   The Motion to Shorten (ECF No. 167-1) is **DENIED**.

2.   The Motion (ECF No. 167) is **DENIED**.

3.   The Petitioning Creditors are hereby prohibited from introducing, relying upon, or otherwise referencing any document not produced by July 10, 2026 in support of or in opposition any claim or defense, including for the purpose of rebuttal at the hearing on the Motion for Damages.

4.   The ability of each of Welch 5, Welch 16, and Welch 17, and Kenneth Welch individually to pay a sanction of no less than $400,000 (collectively $1,600,000) is hereby taken as established for the hearing on the Motion for Damages.

5.   The Alleged Debtor is entitled to reasonable expenses related to the Discovery Hearing Request (ECF No. 139) and all matters thereafter, up to and including, through entry of this Order. Counsel for the Alleged Debtor shall file a statement of fees and other expenses requested within fourteen (14) days of entry of this Order.

[Signed and dated above.]

Copies to: Alleged Debtor; recipients of electronic filing